IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAMACAR INC. d/b/a KELLI'S GIFT SHOP SUPPLIERS,<br>    *Plaintiff*<br><br>V.<br><br>THE CINCINNATI CASUALTY COMPANY,<br>    *Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:21-cv-1396 |

_____

**THE CINCINNATI CASUALTY COMPANY'S
NOTICE OF REMOVAL**
_____

Defendant, The Cincinnati Casualty Company ("Cincinnati"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action, Cause No. DC-21-05901; *Lamacar, Inc. d/b/a Kelli's Gift Shop Suppliers v. The Cincinnati Casualty Company*; In the 116th Judicial District Court of Dallas County, Texas. In support of this Notice of Removal, Cincinnati respectfully submits the following:

1. Lamacar Inc. d/b/a Kelli's Gift Shop Suppliers ("Plaintiff") commenced the above captioned action by filing its Original Petition on May 5, 2021 in the 116th Judicial District Court of Dallas County, Texas (the "Complaint"). Cincinnati has not been served.

2. Cincinnati has obtained certified copies of all process, pleadings, and orders from the 116th Judicial District Court of Dallas County. The state court file is attached as Exhibit "A."[1]

---
[1] Exhibit "A" – State Court File.

# CITIZENSHIP

### A. LAMACAR INC. D/B/A KELLI'S GIFT SHOP SUPPLIERS

3. The Petition avers that Plaintiff "Lamacar is a Texas corporation with its principal place of business at 3311 Boyington Dr., Ste 400, Carrollton, TX 75006."[2]

4. For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Accordingly, for diversity jurisdiction purposes, Plaintiff is a citizen of the State of Texas.

### B. THE CINCINNATI CASUALTY COMPANY

5. The Complaint avers "Defendant Cincinnati is an insurer doing business in Texas and is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Ohio."[3]

6. Plaintiff's statement is correct. Cincinnati is an Ohio company with its principal place of business in Ohio. For diversity jurisdiction purposes, Cincinnati is a citizen of Ohio.

# AMOUNT IN CONTROVERSY

7. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[4] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[5] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[6]

---

[2] *Id.*, Complaint at p. 1, ¶ 3.
[3] *Id.*, Complaint at p. 2, ¶ 4.
[4] 28 U.S.C. § 1446(c)(2); *see also Wilson v. Hibu, Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *2 (N.D. Tex. Oct. 28, 2013).
[5] *John H. Carney & Assocs. v. State Farm Lloyds*, 376 F. Supp. 2d 697, 702 (N.D. Tex. 2005) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).
[6] *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

8. The Complaint alleges that Plaintiff "Lamacar has suffered damages in an amount no less than $11.6 million as well as attorneys' fees. . . ."[7] The amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## DIVERSITY JURISDICTION

10. Because Plaintiff is a citizen of Texas and Cincinnati is a citizen of Ohio, complete diversity of citizenship exists between the Parties. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## REMOVAL PROCEDURE

11. Cincinnati has not been served with the Complaint. As such, this Notice of Removal is filed less than 30 days following service of Plaintiff's Original Petition, and the Removal is therefore timely under 28 U.S.C. § 1446(b). The clerk of the 116th Judicial District Court of Dallas County, Texas has been provided with notice of the Removal.

12. The following related documents are attached to this notice and incorporated here by reference:

    a. Index of matters being filed;
    b. List of all Parties and counsel of record;

---

[7] Exhibit "A" – Complaint at p. 14, ¶ 90.

    c. Exhibit "A" – Certified copy of documents contained in the state court file of Dallas County, Texas; and,

    d. Exhibit "B" –  Articles of Incorporation for Lamacar Inc.

## **CONCLUSION**

13. Based on the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Cincinnati hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Martin R. Sadler*
Martin R. Sadler
Texas Bar No.: 00788842
Federal ID No. 18230
sadler@litchfieldcavo.com
LITCHFIELD CAVO LLP
One Riverway, Suite 1000
Houston, Texas 77058
Telephone:  (713) 418-2000
Facsimile:  (713) 418-2001

ATTORNEY-IN-CHARGE FOR DEFENDANT, CINCINNATI CASUALTY INSURANCE COMPANY

OF COUNSEL:

E. R. Hamilton
Texas Bar No.: 24068685
Federal ID No.: 1322622
HamiltonE@litchfieldcavo.com
LITCHFIELD CAVO LLP
One Riverway, Suite 1000
Houston, Texas 77058
Telephone:  (713) 418-2000
Facsimile:  (713) 418-2001

## **CERTIFICATE OF SERVICE**

      This is to certify that on this, the 15th day of June 2021, a true and correct copy of the foregoing document was served on all known counsel of record by electronic transmission, pursuant to the Texas Rules of Civil Procedure and applicable Local Rules, as follows:

Micah E. Skidmore  
Rae Guyse  
HAYNES AND BOONE, L.L.P.  
2323 Victory Ave., Suite 700  
Dallas, Texas 75219  
Micah.skidmore@haynesboone.com  
Rae.guyse@haynesboone.com  

                                                     */s/ Martin R. Sadler*  
                                                      Martin R. Sadler